This was an action of debt, brought upon the transcript of a judgment rendered in South Carolina. The declaration is in the usual form:nul tiel record. The Circuit Court determined that there was no such record; from which the plaintiff removed the cause to this court.
For the defendant it has been insisted that the transcript here produced is not authenticated in the manner prescribed by the act of Congress. 1st. Because, the seal of the court is not to the certificate of the clerk, but to that of the judge. 2d. The certificate of the judge does not show that he was chief justice, presiding judge, or magistrate; and this court cannot even look to the acts of South Carolina to see whether the certificate is made by the proper character, as those laws were not produced in the Circuit Court.
As to the first point, it seems to us, upon inspecting the certificates, that the seal of the court is upon the record; and although there is some defect in form, yet the substance contemplated by the act of Congress is attained.
As to the second, the certificate of the judge neither states that he is chief justice, nor presiding judge, c., but simply calls him one of the associate judges, c.
To ascertain whether the character making this certificate was one of those intended by the act of Congress, we believe we can either recur to our own knowledge of the judiciary system in a Sister State, or look into their printed statutes; and upon recurring to the printed laws of South Carolina, it appears that in the court where this judgment was rendered, there is no chief justice or presiding judge, c.; that the court was either held by an associate judge, or if by more than one, there is no precedence amongst them; and of coarse, in either event the certificate is made by the proper character.
The judgment must be reversed.
NOTE. — The weight of authority in this State, is, that the courts do not judicially know the laws of a sister State. Wilson v. Smith, 5 Y. 399; Stephens v. Bomar, 9 H. 546; Richard's Lessee v.
Hicks, 1 Tenn. 207. Unless, therefore, the laws regulating the "judicial system" of a sister State occupy a vantage ground over other laws, the ruling embodied in the last head-note to this case may well be preceded by a "semble." The Act of 1839, 45, brought into the Code, §§ 3800, 3801, authorizes the Supreme Court to take judicial notice of the laws and statutes of any State, without the necessity of their being transcribed into the record. And see, upon the subject of what the Court will judicially notice, Cooke, App. No. 1. — ED.